■ FIRST DEPOT CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61118.) — Appeal from a judgment in favor of claimant, entered March 28, 1980, upon a decision of the Court of Claims (Hanifin, J.). Claimant, a shipper of building supply materials, owned two parcels of land on each side of Chenango Street in Binghamton, New York. Chenango Street runs in a northeast-southwest direction and is partially traversed above ground by a viaduct which carries street traffic across adjoining railroad tracks. In order to widen the viaduct, the State appropriated a 16-foot strip of land along the entire frontage of a parcel of land owned by claimant which claimant contends had the effect of reducing the Chenango Street right of way to claimant's property by 13 feet, thereby making it almost impossible for large tractor trailers to enter claimant's property without encroaching upon adjacent land. Claimant, contending that virtually all deliveries to his plant were made by tractor trailers, filed a notice of appropriation and a claim for $110,000 in damages. The Court of Claims, after trial, held that access to claimant's property was not significantly impeded by reason of the appropriation and concluded that the highest and best use of claimant's property was not altered by the taking.* Since the trial court found that claimant still enjoys suitable access to his property by means of small trucks and rail transportation, and, further, that tractor-trailer deliveries continued after the appropriation despite the possibility of encroachment on adjoining land, we concur in the court's conclusion that claimant was not entitled to consequential damages because of the taking. Appropriations which result in mere circuitry of access are noncompensable (Selig v State of New York, 10 NY2d 34, 39). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

---

* An award for $1,900 for the taking and temporary occupancy of a smaller parcel of land owned by claimant is not at issue on this appeal.